# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| KYLE ZWEIGLE,<br><br>    Movant,<br><br>vs.<br><br>UNITED STATES OF AMERICA. | No. C14-0006-LRR<br>No. CR12-0033-LRR<br><br>ORDER |

---

  This matter appears before the court on Kyle Zweigle's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). Kyle Zweigle ("the movant") filed such motion on January 17, 2014. Also before the court is the movant's motion for extension of time to file a brief in support of his motion to vacate, set aside or correct sentence (civil docket no. 2), filed on January 17, 2014, motion for case documentation (civil docket no. 3), filed on January 17, 2014, motion for leave to file a supplement to his motion to vacate, set aside or correct sentence (civil docket no. 4), filed on January 17, 2014, second motion for extension of time to file a brief in support of his motion to vacate, set aside or correct sentence (civil docket no. 5), filed on March 4, 2014, supplement to his second motion for extension of time (civil docket no. 6), filed on March 18, 2014, and supplement to his motion for leave to file a supplement (civil docket no. 7), filed on March 24, 2014.

  The court finds that affording the movant additional time to elaborate on his claims is appropriate. Accordingly, the movant's motion for extension of time to file a brief in support of his motion to vacate, set aside or correct sentence (civil docket no. 2) and second motion for extension of time to file a brief in support of his motion to vacate, set

aside or correct sentence (civil docket no. 5) are **GRANTED**. The movant is **DIRECTED** to comply with the schedule as set forth below.

With respect to the motion for case documentation (civil docket no. 3), the court already addressed a similar motion (criminal docket no. 64). Specifically, on June 21, 2013, the court explained to the movant that he could request and receive documents after specifying to the clerk's office the docket numbers that he wanted copies of and submitting proper payment. The movant never did so. In light of the court's prior order and the record in this case, the court does not believe it is necessary to provide at the expense of the taxpayer copies of documents that were filed in the movant's case. Accordingly, the movant's motion for case documentation (civil docket no. 3) is **DENIED**. Nevertheless, to facilitate the movant's ability to complete his brief, the clerk's office is **DIRECTED** to calculate the cost for copying the following criminal docket entries: 1, 2, 3, 8, 11, 17, 20, 23, 24, 25, 26, 27, 28, 35, 36, 40, 41, 43, 54 & 57. Once it has done so, the clerk's office is **DIRECTED** to provide the itemized costs to the movant. In the event that the movant desires copies to prepare his brief, the clerk's office will provide them to him after the movant writes to the clerk's office and submits the proper payment.

Given the procedural posture of this action, the movant's motion for leave to file a supplement to his motion to vacate, set aside or correct sentence (civil docket no. 4) is **GRANTED**. Nonetheless, the movant should keep in mind that a one-year period of limitation applies to a motion to vacate, set aside or correct sentence, *see* 28 U.S.C. § 2255(f), and any untimely amendment must sufficiently relate back to his original claims, *see United States v. Craycraft*, 167 F.3d 451, 457 (8th Cir. 1999) (concluding an otherwise untimely amendment to a 28 U.S.C. § 2255 motion does not relate back to a timely filed motion when the original claims are distinctly separate from the claims in the amendment); *see also Mandacina v. United States*, 328 F.3d 995, 999-1000 (8th Cir. 2003) (citing *Craycraft*, 167 F.3d at 457); *Moore v. United States*, 173 F.3d 1131, 1135 (8th Cir. 1999) (discussing *Craycraft*, 167 F.3d at 456-57).

Having conducted its preliminary consideration of the movant's § 2255 motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, the parties are **DIRECTED** to respond in the following manner:

> 1. The movant is directed to file a brief in support of his § 2255 motion on or before April 30, 2014.
>
> 2. The government is directed to file a brief in response to the movant's § 2255 motion on or before June 30, 2014. The government may attach relevant exhibits to its brief.
>
> 3. If he so chooses, the movant is directed to file a brief in reply to the government's response on or before July 21, 2014.

The movant raises at least one claim of ineffective assistance of counsel. A claim of ineffective assistance of counsel waives the attorney-client privilege as to communications with the attorney that are necessary to prove or disprove the claim. *See Tasby v. United States*, 504 F.2d 332, 336 (8th Cir. 1974) ("When a client calls into public question the competence of his attorney, the privilege is waived."); *see also United States v. Pinson*, 584 F.3d 972, 978 (10th Cir. 2009) (citing *Tasby*, 504 F.2d at 336); *United States v. Davis*, 583 F.3d 1081, 1090 (8th Cir. 2009) (making clear that attorney-client privilege cannot be used as both a sword and a shield); *In re Lott*, 424 F.3d 446, 453 (6th Cir. 2005) (citing *Tasby*, 504 F.2d at 336); *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (addressing scope of waiver); *United States v. Ballard*, 779 F.2d 287, 292 (5th Cir. 1986) (permitting an attorney to reveal otherwise privileged communications when defending himself against charges of improper conduct); *Schwimmer v. United States*, 232 F.2d 855, 863 (8th Cir. 1956) (indicating that waiver may be express or implied). Therefore, counsel whose representation is challenged is **DIRECTED** to file with the court an affidavit that responds only to the movant's specific allegation(s) of ineffective assistance of counsel. Such affidavit must contain all of the information that counsel reasonably believes is necessary to respond to the movant's specific allegation(s). In addition, counsel is directed to attach to, or include with, his or her affidavit all of the

documents that he or she reasonably believes are necessary to respond to the movant's allegation(s). This court-supervised response to the movant's allegation(s) must be filed with the court on or before May 30, 2014. The clerk's office is **DIRECTED** to provide a copy of this order to the movant's former counsel.[1] After defense counsel complies with the court's directives, the clerk's office is directed to serve both parties with a copy of the

---

[1] The American Bar Association provides guidance as to when an attorney may reveal information that relates to the representation of a client who alleges ineffective assistance of counsel. Specifically, the ABA, in relevant part, states:
> [a] lawyer may reveal information relating to the representation of a client to the extent the lawyer reasonably believes necessary [. . .] to respond to allegations in any proceeding concerning the lawyer's representation of the client [or] to comply with other law or a court order.

ABA Model Rules of Prof'l Conduct R. 1.6(b)(5)-(6); *see also* ABA Model Rules of Prof'l Conduct R. 1.6 cmt. 12-15 (addressing disclosures that are adverse to the client). Concerning Model Rule 1.6, counsel is advised to read ABA Formal Opinion 10-456, Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim. *See* ABA Comm. on Ethics & Prof'l Responsibility, Formal Op. 10-456 (2010). It may be accessed at the following website: http://www.americanbar.org/content/dam/aba/migrated/2011_build/professional_respon sibility/ethics_opinion_10_456.authcheckdam.pdf. Alternatively, such opinion may be accessed by visiting the ABA's website and typing into the search feature "10-456". If counsel concludes that he or she cannot comply with this order without violating an attorney-client privilege or if counsel concludes that he or she cannot reasonably determine the scope of the waiver of the attorney-client privilege, counsel is directed to file a response that specifically states the reasons for his or her conclusion. To comply with this order, counsel must file either an affidavit, a response or, if appropriate, a combination of the two by the required date.

documents that defense counsel files.

**IT IS SO ORDERED**.

**DATED** this 3rd day of April, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA